*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIE DEANDRE HASSEL,

        Defendant-Appellant.

UNPUBLISHED
November 2, 2023

No. 346378
Berrien Circuit Court
LC No. 2017-004860-FC

ON REMAND

Before: BORRELLO, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

Defendant, who was 19 years old at the time of the offenses, was convicted by jury trial of first-degree felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.157a; MCL 750.529, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] Defendant was sentenced to life imprisonment without parole for the first-degree felony murder conviction, 20 to 40 years' imprisonment each for the armed robbery and conspiracy to commit armed robbery convictions, 38 to 60 months' imprisonment for the carrying a concealed weapon conviction, and two years' imprisonment for the felony-firearm conviction. Defendant filed an appeal of right, and we affirmed. *People v Hassel*, unpublished per curiam opinion of the Court of Appeals, issued July 23, 2020 (Docket No. 346378) (*Hassel I*), vacated in part & remanded, lv den in part 984 NW2d 187 (Mich, 2023), recon den 988 NW2d 756 (Mich, 2023). As relevant here, we rejected defendant's argument that his mandatory life-without-parole sentence for first-degree felony murder constituted cruel or unusual punishment in violation of Const 1963, art 1, § 16. *Hassel I*, unpub op at 11-14. Defendant applied for leave to appeal in our

---

[1] The jury also found defendant guilty of second-degree murder, MCL 750.317, but the trial court vacated that conviction.

Supreme Court. The Court vacated the part of this panel's opinion rejecting defendant's constitutional challenge to his mandatory life-without-parole sentence and remanded the case to this Court for reconsideration in light of *People v Parks*, 510 Mich 225; 987 NW2d 161 (2022). *People v Hassel*, 984 NW2d 187 (Mich, 2023) (*Hassel II*), recon den 988 NW2d 756 (Mich, 2023). Our Supreme Court denied leave to appeal in all other respects. *Id*. For the reasons set forth in this opinion, we affirm the sentence issued by the trial court.

## I. BACKGROUND

In *Hassel I* we noted that defendant's convictions arose "from the shooting death of John Conyers in April 2017." *Hassel I*, unpub op at 1. We further stated:

> The testimony and evidence showed that [defendant] met up with Brianna Isom and Keeyon Williams on April 7, 2017. Williams and [defendant] discussed stealing Xanax pills from Conyers and then arranged to meet Conyers in the parking lot of the Benton Harbor Salvation Army. Isom drove Williams and [defendant] to the parking lot. Once there, Williams and [defendant] approached Conyers, who showed them a bottle of Xanax pills. When Williams and [defendant] took the pills, Conyers fought them. The evidence showed that [defendant] took a handgun from his pants and shot Conyers twice. Conyers died shortly thereafter. [*Id*. at 1-2.]

Defendant was convicted and sentenced as described earlier. *Id*. at 1. On appeal in this Court, defendant "argue[d] that this Court should extend the holdings in *Graham v Florida*, 560 US 48; 130 S Ct 2011; 176 L Ed 2d 825 (2010), and *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), to include 19-year-old individuals as a category of young adult offenders and establish a categorical bar against the imposition of a mandatory sentence of life without parole for young adult offenders who commit felony murder." *Id*. at 11. We noted that, although defendant asserted that the mandatory sentence was unconstitutional on its face and as applied, he had failed to "address an as-applied challenge. Rather, he asserts a facial challenge and invites this Court to adopt a categorical ban." *Id*. at 11 n 2. Accordingly, we concluded that defendant "abandoned his as-applied challenge by failing to offer any meaningful analysis." *Id*.

Next, we summarized the relevant constitutional principles:

> The Constitution of the United States prohibits the imposition of cruel and unusual punishments, US Const, Am VIII, and the Michigan Constitution prohibits cruel *or* unusual punishments, Const 1963, art 1, § 16. Although the two clauses are different, this Court has acknowledged that, if a punishment passes muster under the state constitution, it necessarily passes muster under the federal constitution. See *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011)[, lv den 491 Mich 917 (2012)]. And our Supreme Court has held that a mandatory sentence of life without the possibility of parole—at least as applied to adult offenders—does not violate Michigan's prohibition against cruel or unusual punishments. See *People v Hall*, 396 Mich 650, 657-658; 242 NW2d 377 (1976). The Supreme Court of the United States has, however, determined that the Eighth Amendment limits the authority of the state to impose a mandatory penalty of life without the possibility of parole on juvenile offenders. [*Id*.]

We noted that the United States Supreme Court in *Graham* had held "that the Eighth Amendment required a categorical ban on sentencing juveniles to life without the possibility for parole for a nonhomicide offense." *Id.* at 12-13, citing *Graham*, 560 US at 74. This "categorical rule applied to persons who committed the nonhomicide offense before turning 18 years of age . . . ." *Hassel I*, unpub op at 13, citing *Graham*, 560 US at 74-75. We went on to explain that, in *Miller*, the United States Supreme Court "extended its holding in *Graham* to mandatory sentences of life without the possibility of parole for juvenile offenders who commit homicide offenses." *Hassel I*, unpub op at 13, citing *Miller*, 567 US at 465. The Court in *Miller* "explained that a mandatory sentence of life without the possibility of parole violated the Eighth Amendment when applied to a juvenile offender . . . ." *Hassel I*, unpub op at 13, citing *Miller*, 567 US at 465. The *Miller* Court "stated that its categorical rule applied only to those offenders who committed their offenses before turning 18 years of age." *Hassel I*, unpub op at 13, citing *Miller*, 567 US at 465.

Following discussion of pertinent constitutional law and principles we concluded: "Given the weight of authority declining to extend the reasoning of *Graham* and *Miller* to young adult offenders, the trial court did not plainly err when it sentenced [defendant] to life without the possibility of parole." *Id.* at 14, citing *Carines*, 460 Mich at 763.

Following the issuance of *Parks*, our Supreme Court vacated the part of our prior opinion rejecting defendant's constitutional challenge to his mandatory life-without-parole sentence and remanded the case to this Court for reconsideration in light of *Parks*. *Hassel II*, 984 NW2d at 187. The Court denied leave to appeal in all other respects, and did not retain jurisdiction. *Id.*

## II. ANALYSIS

The issue of whether *Parks* applies to 19-year-old offenders has been decided by this Court. In *People v Czarnecki*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 348732) slip op at 3-4 this Court held:

> Previously, [] in *People v Hall*, 396 Mich 650, 657-658; 242 NW2d 377 (1976), our Supreme Court upheld the constitutionality of a sentence of life without parole for a defendant convicted of felony murder, expressly rejecting the defendant's argument that such a sentence constitutes cruel or unusual punishment under Const 1963, art 1, § 16. See also *People v Adamowicz (On Second Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 330612); slip op at 3. Our Supreme Court in Parks explicitly limited the effect its opinion had on *Hall*, stating that its "opinion today does not affect *Hall's* holding as to those older than 18." *Parks*, 510 Mich at 255 n 9. See also *Adamowicz (On Second Remand)*, ___ Mich App at ___; slip op at 4. From this, it follows that *Hall's* holding continues to apply to those older than 18. This understanding of *Parks* and *Hall* is consistent with this Court's recent decision in *Adamowicz (On Second Remand)*, where this Court held that *Hall* compelled the conclusion that subjecting a 21-year-old defendant to a mandatory sentence of life without the possibility of parole did not constitute cruel or unusual punishment under the Michigan Constitution. *Adamowicz (On Second Remand)*, ___ Mich App at ___; slip op at 4. *Adamowicz (On Second Remand)* is not controlling in this case, however, because, again, defendant here was 19 when he committed the first-degree murder. Nevertheless, on the basis of *Hall*, we reach

the same result as this Court did in *Adamowicz (On Second Remand)*…Accordingly, following *Parks*, defendant's mandatory life-without-parole sentence for a first-degree murder committed at the age of 19 continues to not be cruel or unusual punishment under Const 1963, art 1, § 16 according to *Hall*, 396 Mich at 657-658. 4, 5 See *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016) ("The Court of Appeals is bound to follow decisions by this Court except where those decisions have clearly been overruled or superseded and is not authorized to anticipatorily ignore our decisions where it determines that the foundations of a Supreme Court decision have been undermined.") (Footnote omitted; emphasis in original.)

Accordingly, for the reasons set forth in *Czarnecki*, we reject defendant's argument that his mandatory life-without-parole sentence for first-degree murder is cruel or unusual punishment and affirm the sentence of the trial court.

Affirmed.

/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron